IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERICH DAVID SCHIESSER | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AW-12-1275 |
| COMMISSIONER OF CORRECTIONS | * | |
| Defendant | * | |

\*\*\*

**MEMORANDUM**

Self- represented Plaintiff Erich David Schiesser, an inmate at Eastern Correctional Institution, claims his legal mail was not opened in his presence. He also contends unspecified papers were misplaced or stolen. As relief, he requests release from incarceration and that "people should be held responsible." Complaint, p. 4. The Court will grant his motion to proceed in forma pauperis for the purpose of preliminary review and dismiss the Complaint without prejudice.

Prisoners have a First Amendment right to send and receive mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). In considering whether policies regarding mail are constitutionally valid, a distinction is drawn between incoming and outgoing mail; a lower level of scrutiny applies to policies regarding incoming mail. *Id*. at 413. For example, restrictions on incoming materials from publishers (*see Thornburgh*, 490 U.S. at 408) requires the showing of a greater, legitimate security interest than policies concerning other types of mail. *See Altizer v. Deeds*, 191 F.3d 540, 548 (4th Cir.1999) (inspection of outgoing mail serves legitimate penologicial purpose). Under this reasoning, policies concerning legal mail require heightened scrutiny, but isolated incidents of mishandling of mail do not state a claim. *See Smith v.*

*Maschner*, 899 F.2d 940, 944 (10th Cir.1990) (requiring a showing of improper motive or interference with access to courts); *Buie v. Jones,* 717 F.2d 925, 926 (4th Cir.1983) (isolated incident of mishandling does not show actionable pattern or practice).

Further, inmates have a constitutionally protected right of access to the courts.  *See Bounds v. Smith*, 430 U.S. 817, 821 (1977).  *Bounds,* however, does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims."  The tools to be provided are those that inmates need in order to attack their sentences directly or collaterally, and to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *See Lewis v. Casey*, 518 U.S. 343, 355 (1996). "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.' *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir.1997), quoting *Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis v. Casey,* 518 U.S. 343, 349 (1996).

Schiesser's mail claim is predicated on an isolated incident and he does not claim any resulting harm.  More amorphous is Schiesser's suggestion that boxes of papers were stolen or misplaced; he fails to identify when this incident took place, the contents of the boxes, or any

2

resulting harm.  Additionally, he fails to show how Defendant was personally involved in the alleged incidents or why Defendant or the Department of Correction should be held responsible.

Under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) a case shall be dismissed at any time if the court determines that the action fails to state a claim on which relief may be granted. While the court is mindful that Schiesser is a pro se litigant and accords his pleading liberal construction, *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam),  this does not mean the Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).  Consequently, this case will be dismissed without prejudice.  A separate Order follows.

May 7, 2012                                                                                      /s/
                                                               Alexander Williams, Jr.
                                                               United States District Judge